UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **ROBERT NATHANIEL FRANCIS** | : | **CIVIL ACTION NO.  13-2954**<br>Section P |
| **VS.** | : | **JUDGE ROBERT G. JAMES** |
| **TENSAS PARISH DETENTION CENTER, ET AL.** | : | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the court is a motion for summary judgment [doc. # 18] filed by defendants, Helen Leonard, Sheila Jefferson, and Dianne Taylor.  Pursuant to Standing Order 3.311 and 28 U.S.C. § 636(b)(1)(B), the District Court referred the motion to the undersigned magistrate judge for report and recommendation.  For reasons explained below, it is recommended that the motion for summary judgment be GRANTED, and that plaintiff's claims against movants be DISMISSED, without prejudice, on the merits, but DISMISSED with prejudice for purposes of proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(d).  It is further recommended that plaintiff's claims against defendants, Tensas Parish Detention Center and the Medical Department Tensas Parish Detention Center, be DISMISSED, with prejudice.  It is further recommended that "unknown night shift nurses" be STRICKEN as defendants.

### Relevant Background Facts

Robert Nathaniel Francis is an inmate in the custody of Louisiana's Department of Public Safety and Corrections who, during the relevant period, was housed at the Tensas Parish Detention Center ("TPDC"), Waterproof, Louisiana.[1]  On October 28, 2013, Francis filed the

---

[1]  He recently was transferred to LaSalle Correctional Center.  *See* doc. # 27.

instant pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against the TPDC Medical Department, the head nurse, and the "night shift nurses." Francis alleges that on May 24, 2013, he was stabbed in the right eye and sprayed with a chemical agent, but received no treatment from the medical department. As a result, he developed a "massive infection" that caused partial blindness. He prays for $300,000 in damages, future medical expenses, and a transfer to another facility.

On December 26, 2013, in response to court order, Francis amended his complaint to name as defendants, Head Nurse Helen Leonard, Nurse Sheila Jefferson, and Nurse Dianne Taylor. (Amend. Compl., [doc. # 9]). On February 14, 2014, this court completed its initial screening pursuant to 28 U.S.C.§§ 1915 and 1915A, and ordered service on Leonard, Jefferson, and Taylor, via U.S. Marshal. (Feb. 14, 2014, Mem. Order [doc. # 11]).

On March 28, 2014, defendants Jefferson, Leonard, and Taylor, answered the complaint, as amended, and on April 22, 2014, filed the instant motion for summary judgment seeking dismissal of plaintiff's complaint because he failed to exhaust available administrative remedies. On May 5, 2014, Francis filed his response to the motion. Accordingly, the matter is ripe.

## Discussion

I. **Summary Judgment Standard**

Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2511 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the

nonmoving party. *Id*.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id*.

In evaluating the evidence tendered by the parties, the court must accept the evidence of the non-movant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. "The court *need* consider only the cited materials, but it *may* consider other materials in the record." Fed.R.Civ.P. 56(c)(3) (emphasis added). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). There can be no genuine issue as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

When a movant bears the burden of proof on an issue, it must establish "beyond

peradventure[2] all of the essential elements of the claim . . . to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the movant must affirmatively establish its right to prevail as a matter of law. *Universal Sav. Ass'n v. McConnell*, 1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

II.     **Exhaustion Principles**

Pursuant to 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory, and is required even where the relief sought cannot be granted by the administrative process. *Woodford v. Ngo*, 548 U.S. 81, 85, 126 S.Ct. 2378, 2382-83 (2006) (citations omitted). All "available" remedies must be exhausted, whether speedy and effective, or not. *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 988 (2002). "Proper exhaustion requires that the prisoner not only pursue all available avenues of relief but also comply with all administrative deadlines and procedural rules." *Johnson v. Kukua*, 342 Fed. Appx. 933, 934 (5th Cir. Aug. 20, 2009) (unpubl.) (citing *Woodford, supra*). An untimely or otherwise procedurally defective administrative grievance does not satisfy the exhaustion requirement. *Id*.

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter, supra* (citation omitted). An inmate is required to "exhaust his remedies, irrespective of the form of relief sought, injunctive or monetary." *Richbourg v. Horton*, 2008 WL 5068680 (5th Cir. Dec. 2, 2008) (unpubl.) (citation omitted). A

---

[2] I.e., beyond doubt.

claim for deliberate indifference to an inmate's serious medical needs is also subject to exhaustion. *Harris v. Hegmann*, 198 F.3d 153, 158 (5th Cir. 1999). Exhaustion further applies to claims brought against defendants in their official and/or individual capacities. *See e.g., Williams v. Henagan*, 595 F.3d 610, 618 (5th Cir. 2010); *Hines v. Texas*, 76 Fed. Appx. 564 (5th Cir. Sept. 29, 2003) (unpubl.).

The Fifth Circuit has consistently held that an inmate's ignorance of a prison's grievance procedures does not excuse his noncompliance. *Aguirre v. Dyer*, 233 Fed. Appx. 365 (5th Cir. May 24, 2007) (unpubl.) (citation omitted); *Simkins v. Bridges*, 350 Fed. Appx. 952, 953-954, (5th Cir. Oct. 28, 2009) (unpubl.) (citation omitted); *Plaisance v. Cain*, 374 Fed. Appx. 560, 561, ( April 15, 2010) (unpubl.) (citation omitted). Nonetheless, inmates should have "avenues for discovering the procedural rules governing their grievances." *Dillon v. Rogers*, 596 F.3d 260 (5th Cir. 2010) (citations omitted). When an inmate has no means of verifying the administrative grievance process, then misleading information by prison officials may make remedies unavailable. *Id*. "If impediments to filing grievances render remedies unavailable at one facility, remedies may become available again once a prisoner has been transferred, unless there are other problems at the new facility." *Dillon*, 596 F.3d at 267-268 (citing *Bryant v. Rich*, 530 F.3d 1368, 1379 (11th Cir.2008)). Stated another way, the grievance filing period is tolled only so long as the inmate is actually impeded from invoking and exhausting the process.

Exhaustion is an affirmative defense; thus, the burden is on defendant to establish that plaintiff failed to exhaust available administrative remedies. *Dillon*, 596 F.3d at 266. If the court considers evidence beyond the pleadings to resolve the exhaustion issue, then the nonmoving party is entitled to the protections of Rule 56. *Id*.

**III.** **Analysis**

    a)    <u>The TPDC had an Available Administrative Remedy Procedure</u>

Under Louisiana law, the Department of Public Safety and Corrections and each sheriff is authorized to adopt an administrative remedy procedure at each of their institutions. La. R.S. § 15:1171. The administrative remedy procedure is intended to resolve complaints and grievances that arise while the offender is in the custody of, or under the supervision of the department or sheriff. *Id*. The procedure encompasses complaints and grievances for monetary, injunctive, declaratory, or other relief stemming *inter alia* from conditions of confinement, personal injuries, and medical malpractice. *Id*. These administrative procedures, when promulgated, provide the offender's exclusive remedy – to the extent that federal law permits. *Id*.

The uncontroverted evidence establishes that the TPDC had a two step Administrative Remedy Procedure ("ARP") in effect during the relevant period. (Affidavit of John Smith and TPDC Offender Rules and Regulations Handbook; Def. MSJ, Exh. A). The ARP is set forth in the TPDC's Offender Rules and Regulations Handbook (the "Handbook"), which Francis received on December 19, 2012, after his arrival at the TPDC. *See* Affidavit of Warden John Smith, Def. MSJ, Exh. and TPDC Offender Property Sheet [doc. # 17, pg. 26].

Under the ARP, a detainee is required to complete an "Inmate Grievance Form," seal the grievance in an envelope marked "grievance," address it to the warden, and place the grievance in the kitchen mail box for delivery to the warden. (Handbook, pgs. 15-16; Def. MSJ, Exh. A). The written grievance must be filed within 30 calendar days "from the date of the incident or the complaint occurred, unless it was not feasible to file within such period." *Id*. The "First Respondent" will have "up to 15 days from receipt of the grievance to fully investigate, act on and provide a written response to the inmate." *Id*.

If an inmate is dissatisfied with the decision of the "First Step Respondent," then he "may file for Step II by indicating so on the Inmate Grievance Response Form and forwarding it to the Warden within 5 days." *Id*. Thereafter, the Warden shall ensure that "the inmate receives a response in writing within 25 days of receipt of the request for Step II review." *Id*.

      b)     <u>Francis Did Not Complete Both Steps of the Grievance Process</u>

In support of their motion for summary judgment, defendants adduced evidence that "Robert Francis never filed a claim for administrative relief regarding his medical treatment or his right eye." (Warden Smith Affidavit; Def. MSJ, Exh.). In his response to defendants' motion, Francis stated that he sent several grievances to Captain Bass, Warden Smith, and Major Walker, but he never received an answer. [doc. # 26]. He further stated that he has certain unnamed witnesses who know that he submitted the grievances because one of them actually wrote the grievances on his behalf. *Id*. Francis stressed that, consistent with the allegations in his original complaint, he sent "a grievance" to the administration, including Warden Smith that went unanswered. *Id*. Francis indicated in his original complaint that his grievance was addressed at the "1st Step (ARP)," and that he sent "several grievance forms to the Warden – Major – Captain and general administration" to which he received no reply. (Compl., pgs. 2-3).

Under Rule 56, a party asserting that a fact is genuinely disputed must support the assertion by:

> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56.[3]

Furthermore, "in the face of the defendant's properly supported motion for summary judgment, the plaintiff [can]not rest on his allegations . . . to get to [trial] without any significant probative evidence tending to support the complaint. " *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citations and internal quotation marks omitted).

Here, plaintiff relies on the allegations in his unverified complaint and the unsworn statements in his opposition memorandum. It is manifest, however, that "neither an offer to prove suspicions at trial nor unsworn responsive statements suffice to create disputed issues of material fact which justify a trial." *Oglesby v. Terminal Transp. Co., Inc.*, 543 F.2d 1111, 1112 (5th Cir. 1976). Thus, in response to defendants' properly supported motion for summary judgment, plaintiff has failed to come forward with competent summary judgment evidence to demonstrate that he exhausted both steps of the written grievance procedure.

Under these circumstances, the court is compelled to find that there is no genuine dispute as to any material fact and that movants are entitled to judgment as a matter of law dismissing plaintiff's claims for failure to exhaust administrative remedies. Fed.R.Civ.P. 56(a) & (e)(3); *Teixeira v. Gregg Cnty. Jail*, 74 F. App'x 388, 389 (5th Cir. 2003) (unpubl.).

  c) <u>Remedy for Failure to Exhaust</u>

The plain language of the PLRA precludes any further action on plaintiff's claims until he has fully exhausted the administrative remedy procedure.[4] Although dismissal for failure to

---

[3] Federal law permits unsworn declarations to substitute for an affiant's oath if the statements contained therein are made "under penalty of perjury" and verified as "true and correct." *See Ion v. Chevron USA, Inc.*, 731 F.3d 379, 382 n2 (5th Cir. 2013) (citing 28 U.S.C. § 1746).

[4] *See Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir.1998) (overruled by implication on other grounds by *Jones v. Bock*, 549 U.S. 199, 214, 127 S. Ct. 910, 920 (2007) (§ 1997e(a)

exhaust administrative remedies is typically without prejudice,[5] the court is authorized to dismiss plaintiff's complaint with prejudice to his right to re-file it, in forma pauperis ("IFP"):

> [b]y choosing to file and pursue his suit prior to exhausting administrative remedies as required, [plaintiff] sought relief to which he was not entitled-that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures. We therefore affirm the district court's order dismissing [plaintiff]'s action with prejudice for purposes of proceeding IFP.

*Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998) (overruled by implication on other grounds by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 920-21 (2007)).

The foregoing approach is appropriate here. Accordingly, if plaintiff exhausts his administrative remedies with respect to the claims raised herein, he may present these § 1983 claims again, but may not proceed *in forma pauperis* to do so.[6]

### IV. TPDC and TPDC Medical Department are not Proper Party Defendants

This court previously declined to order service upon defendants, TPDC and TPDC Medical Department because these defendants are not entities capable of being sued. A court's decision to withhold service for a defendant(s) after screening the case under 28 U.S.C. § 1915A, is an implicit determination that plaintiff has no cognizable claims against that defendant(s). *Sama v. Hannigan*, 669 F.3d 585, 589 (5th Cir. 2012).

---

"plainly requires that administrative remedies be exhausted before the filing of a § 1983 suit, rather than while the action is pending . . . [t]o hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation.").

[5] *See e.g., Plaisance v. Cain, supra*; *Cooper v. Quarterman*, 342 Fed. Appx. 12, 13 (5th Cir. July 14, 2009) (unpubl.).

[6] Of course, administrative exhaustion requires "proper" exhaustion, i.e., compliance with an agency's deadlines and other critical procedural rules. *Woodford, supra*. At this point, plaintiff's delay effectively may foreclose his ability to properly exhaust available administrative remedies.

Under Federal Rule of Civil Procedure 17(b), "capacity to sue or be sued shall be determined by the law of the state in which the district court is held," i.e., Louisiana. To enjoy the capacity to be sued under Louisiana law, an entity must qualify as a "juridical person." *Dejoie v. Medley*, 945 So.2d 968, 972 (La. App. 2d Cir.2006) (citations omitted). This term is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Art. 24.

In this case, however, there is no evidence that the TPDC or the TPDC Medical Department are so structured. Rather, by all indications, the TPDC is a parish corrections facility operated by the Tensas Parish Sheriff. In Louisiana, the sheriff is charged with operating the parish jail and ensuring that the inmates receive proper care. *Oladipupo v. Austin*, 104 F. Supp.2d 626, 641 (W.D. La. 2000) (citing La. R.S. § 15:704); *Langley v. City of Monroe*, 582 So.2d 367, 368 (La. App. 2d Cir. 1991) (citations omitted). Accordingly, defendants, the TPDC and the TPDC Medical Department, cannot be sued and must be dismissed, with prejudice. *See Darby v. Pasadena Police Dept.*, 939 F.2d 311 (5th Cir. 1991) (affirming district court's dismissal of a defendant, with prejudice, because it could not be sued as an independent entity).[7]

## V.   Unknown Night Shift Nurses

The court observes that in plaintiff's original complaint, he included unspecified "night shift nurses" as defendants. *See* Compl. On December 10, 2013, the court ordered plaintiff to amend his complaint to identify these "night shift nurses." (Dec. 10, 2013, Mem. Order [doc. #

---

[7] The court may grant summary judgment *sua sponte* so long as the adverse party receives adequate notice and a reasonable time to respond. Fed.R.Civ.P. 56(f)(1); *Stingley v. Den Mar Inc.*, 2009 WL 2762374, *3 (5th Cir. Sept. 1, 2009) (unpubl.) (citing *inter alia*, *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 770-71 (5th Cir.2000)). The instant report and recommendation provides adequate notice to the parties. *McCoy v. Wade*, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir.1998)).

8]). On December 26, 2013, plaintiff amended his complaint to add Leonard, Jefferson, and Taylor as defendants, thereby effectively substituting them for the previously unknown "night shift nurses." Under these circumstances, the "unknown night shift nurses" are redundant and should be stricken.

For the above-assigned reasons,

IT IS RECOMMENDED that the motion for summary judgment [doc. # 18] filed by defendants, Helen Leonard, Sheila Jefferson, and Dianne Taylor be GRANTED and that plaintiff's claims against said defendants be DISMISSED, without prejudice, on the merits, but DISMISSED with prejudice for purposes of proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(d).

IT IS FURTHER RECOMMENDED that plaintiff's claims against defendants, Tensas Parish Detention Center and Medical Department Tensas Parish Detention Center be DISMISSED, with prejudice.

IT IS FURTHER RECOMMENDED that "unknown night shift nurses" be STRICKEN as defendants.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 9th day of May 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE